Lina M. Michael, Esq.; SBN: 237842
Lina.michael@michaellegalgroup.com
Lisa D. Dubowski, Esq.; SBN: 237003
Lisa.dubowski@michaellegalgroup.com
**MICHAEL & ASSOCIATES, PC**
555 St. Charles Drive, Suite 204
Thousand Oaks, California 91360
Telephone: (805) 379-8505
Facsimile: (805) 379-8525

*Attorneys for Plaintiff*
*William L. McCarthy*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WILLIAM L. MCCARTHY, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS OF CALIFORNIA, LLC; and Does 1 to 10 inclusive,<br><br>Defendants. | Case No.: 2:16-CV-06059<br><br>**COMPLAINT FOR:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, [47 U.S.C. § 227, *Et Seq*.];<br><br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, [47 U.S.C. § 227, *Et Seq*.]<br><br>-AND-<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff WILLIAM L. MCCARTHY ("PLAINTIFF"), an individual, brings this complaint against defendant CHARTER COMMUNICATIONS OF CALIFORNIA, LLC ("DEFENDANT"); and Does 1 to 10; and hereby alleges as follows:

///

///

///

1
COMPLAINT FOR DAMAGES

## NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and injunctive relief against Defendant for negligently, knowingly, and willfully contacting Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because this action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), a federal statute.

3. This Court has personal jurisdiction over the Defendant since the actions complained of occurred in this district and the Defendant conducts business in California.

4. Venue is proper pursuant to 28 U.S.C. §1391(b) because (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducts business within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein, was an individual citizen and resident of the State of California, County of Los Angeles.

6. Plaintiff is a natural person residing in Westlake Village, California and is a "person" as defined by 47 U.S.C. § 153 (10).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Charter Communications of California, LLC, is a company whose State of Incorporation is Delaware and Principal Place of Business is in the State of Missouri.

8. Defendant Charter Communications of California, LLC is a company that is registered and qualified to do business in California and regularly conducts business in the State of California, County of Los Angeles.

9. Defendant Charter Communications of California, LLC, is a company which provides cable TV, internet services, and telephone services to customers in California, and is a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant hires third-party entities to make outbound telemarketing and/or solicitation calls on its behalf to market, solicit, and sell its services. Defendant supplies said third-party entities with a list of names and telephone numbers to be contacted for the purposes of marketing and solicitation. Said lists contain names and telephone numbers of consumers who are currently subscribers of Defendant's services as well as names and telephone numbers of consumers who are not current customers. These third party entities are agents of Defendant.

11. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as Does 1 through 10 are unknown to Plaintiff but can be ascertained through discovery. Plaintiff will amend the complaint to include the true names of the appropriate Doe defendants after their identities have been ascertained.

## GENERAL ALLEGATIONS

12. For the past two years, culminating with the last call initiated on July 20, 2016, Defendant has been contacting Plaintiff, who is not a customer of Defendant, on his cellular telephone ending in 9041, in an effort to sell or solicit its services.

13. Defendant used an "automatic dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Plaintiff seeking to sell or solicit its services.

14. Plaintiff answered the telephone on approximately twelve different occasions and was told each time that the Defendant was looking for an individual by the name of "Monique Smith." When Plaintiff explained that this was not her phone number and to take this number off the call list, his requests were ignored.

15. The calls continued on a daily basis despite Plaintiff's numerous requests to stop contacting him at this phone number.

16. On July 20, 2016, harassing phone calls were once again placed to Plaintiff's cellular telephone ending in 9041. On this date, Defendant placed a call at 11:21 a.m. and again at 2:49 p.m.

17. The frequency and pattern of the calls that Defendant placed to Plaintiff's cellular telephone make clear that the equipment Defendant used to place the calls have the capacity to store and call numbers without human intervention; and randomly or sequentially generate numbers to be called and call said numbers without human intervention.

18. The frequency and rapid nature of the calls make clear that Defendant did not place the calls using human intervention and that said calls were automated, and initiated by equipment with the capacity to place automated calls, as specifically prohibited by the TCPA.

19. On the occasions when Plaintiff answered Defendant's harassing calls, Plaintiff heard one to five seconds of "dead air" before being connected to a live person.

20. Defendant's calls to Plaintiff's cellular telephone were not initiated for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

21. Defendant's calls were placed to a telephone number assigned to a cellular phone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

22. Plaintiff is not a customer of Defendant Charter Communications and has never provided Defendant with his personal information, including his cellular telephone number for any purpose whatsoever.

23. Plaintiff did not have an established business relationship with Defendant during the time of the harassing phone calls from Defendant.

24. Plaintiff did not give Defendant "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227 (b)(1)(A).

25. Plaintiff did not give Defendant prior express written consent to contact him on his cellular telephone for marketing or solicitation purposes.

26. As a result of Defendant's non-stop harassing phone calls, Plaintiff has endured a disruption to his business and emotional distress entitling Plaintiff to an award of actual and statutory treble damages.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227, *et seq.*

27. Plaintiff incorporates by reference paragraphs one through twenty-seven of this Complaint as though fully stated herein.

28. Without the prior consent of Plaintiff, Defendant placed numerous calls to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 et seq.

29. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA.

30. As a result of each and every violation of the TCPA, Plaintiff is entitled to statutory damages in the amount of $500 for each and every negligent violation pursuant to 47 U.S.C.§ 227 (b)(3)(B).

31. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///
///
///
///
///

# COUNT II

## KNOWING AND WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §227, *et seq.*

32. Plaintiff incorporates by reference paragraphs one through thirty-two of this Complaint as though fully stated herein.

33. The foregoing acts and omission constitute numerous and multiple knowing or willful violations of the TCPA.

34. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

35. As a result of Defendant's knowing or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to statutory damages for a knowing and willful violation in an amount up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

36. Plaintiff is also entitled to and seeks injunctive relief prohibiting such harassing conduct in the future.

## PRAYER FOR RELIEF

NOW, THEREFORE, Plaintiff prays that the Court enters judgment in his favor and against Defendant and issues orders, as follows:

1. An award of statutory damages of $500, pursuant to 47 U.S.C. § 227 (b)(3)(B) against each named Defendant for each and every negligent violation of the TCPA;

2. An award of statutory damages of $1,500, pursuant to 47 U.S.C. § 227 (b)(3) against each named Defendant for each and every willful violation of the TCPA;

3. An award of costs of litigation and reasonable attorney fees; and

4. Any other relief the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATE: August 12, 2016  MICHAEL & ASSOCIATES, PC

By: /s/ Lisa Dubowski\_\_\_\_
LISA D. DUBOWSKI,
Attorneys for Plaintiff